## John F. Cashman, Jr. v. Bernice Soulia

[136 A2d 355]

September Term, 1957.

Opinion Filed November 5, 1957.

*Frederic Delaney, Jr.* (*Silvio T. Valente* and *Joseph M. O' Neill,* of Counsel) for the defendant.

*Lawrence & O'Brien* for the plaintiff.

**Adams, J.**  This is an action of tort brought by reason of a collision between an automobile owned by the plaintiff and operated by his wife and an automobile operated by the defendant.  Trial was by jury with verdict and judgment for the plaintiff.  The case is here on exceptions of the defendant to the refusal of the trial court to grant her motion for a directed verdict.  The only ground of the motion here relied upon is that the plaintiff in his declaration alleged that his wife was

operating the automobile as bailee and because the evidence showed that it was with his permission, there was a bailment contract between them and, as they were husband and wife, this was void at common law and the plaintiff could not maintain the action.

The defendant says in her brief that the common law prevails in this jurisdiction unless modified by statute, V. S. 47, §1263. She says that V. S. 47, §3162 does not enlarge the capacity of a married woman under the common law to contract with her husband in regard to bailments and that a bailment is a contract. She claims that the use of the plaintiff's automobile by the wife with his permission was a bailment contract between a husband and wife and hence void. She claims it follows that the plaintiff cannot maintain this suit for damages to his automobile and that her motion for a directed verdict should have been granted.

The answer to this claim is that the suit is an action in tort brought by the plaintiff to recover for damages to his own property caused by the fault and negligence of the defendant. The allegation in the declaration that the automobile was operated by Berla Cashman as bailee was to distinguish and negate its operation from an agency or master and servant relationship. It had no bearing upon the title of the plaintiff to the automobile. He alleges in the first paragraph of the declaration that he is the owner of it.

In *Howard* v. *Tyler*, 46 Vt 683, a suit was brought to recover for damage to a carriage of the plaintiff caused by the negligence of the defendant. The plaintiff's carriage was in use by his wife with his permission. Although the case had to be reversed, this Court recognized the right of the plaintiff to bring suit for the damage to his property.

In *Lord, Stone & Co.* v. *Buchanan*, 69 Vt 320, 37 A 1048, the right of the general owner of property to maintain an action for injury to his property, if the injury is sufficient to affect his reversionary interest, is recognized though he does not at the time have the possession of the property or the right to its immediate possession.

If the relationship between the plaintiff and his wife, when she was operating his automobile in the instant

case with his general consent and permission, was that of bailor and bailee, the result is the same. In *Fletcher* v. *Perry*, 104 Vt 229, 158 A 679, the respective rights of both the bailor and bailee to bring suit against a third party for injury to the property are discussed and the right of each recognized. In *White* v. *Bascom*, 28 Vt 268, the suit was brought by the bailee as special owner and in the opinion this Court at page 272 said, "But in all these cases it is an undisputed point, that the general owner may sue also, if he choose." See also *Strong* v. *Adams*, 30 Vt 221.

However, it is undisputed that in bailments terminable at the will of the bailor, as in most bailments without reward, the bailor may bring an action against third persons for injury to or destruction of the property bailed. 6 Am Jur, Bailments, §306, p. 404. Irrespective of the right ,to immediate possession, for any permanent injury done to the thing bailed by a third person, a special action on the case may properly be brought by the bailor for injuries to his reversionary interest. 6 Am Jur, Bailments, §349, p. 442. See Anno. 118 ALR 1338.

The bailor may sue in an appropriate form of action for an injury by a third person to the subject matter of the bailment which results in damage to the bailor's reversionary interest. 8 CJS, Bailments, §39, p. 313.

The defendant in her brief does not rely upon any contributory neglience of the plaintiff's wife as the driver of his automobile and in oral argument she stated that she claimed nothing for contributory negligence. Hence, the relative rights of the husband and wife to each other in the damaged automobile are not in issue in the instant case. There is, therefore, no privity or contractual relationship between the plaintiff and his wife involved. The plaintiff's right to maintain the suit for damage to his own property by the defendant, a third party, does not depend or rest upon any contractual relationship between husband and wife.

There was no error in denying the motion for a directed verdict. *Judgment affirmed.*